# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

RODNEY A. CAMPBELL,                )
                                   )
        Plaintiff,                )
                                   )
      v.                )        No. 4:26-cv-00640-SPM
                                   )
JUDGE VINCE JOHNSON, et al.,       )
                                   )
        Defendants.                )

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Rodney A. Campbell's application to proceed in district court without prepayment of fees and costs. Having reviewed the application and the financial information submitted in support, the Court will grant the application and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his Complaint under 28 U.S.C. § 1915. Based on this initial review, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10 until the filing fee is fully paid. *Id.*

Plaintiff is a pretrial detainee at the St. Charles County Jail.  In support of his motion, Plaintiff submitted a non-certified inmate account statement showing account activity from November 6, 2025 to May 4, 2026.  According to the statement, Plaintiff has significant debt and no funds.  The Court will assess an initial partial filing fee of $1.00.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").

### Background

A review of this Court's files indicates that Plaintiff has filed more than 26 civil actions in this Court since December 2025.  *See Campbell v. St. Charles Cnty. Jail*, No. 4:25-cv-1784-JMB (E.D. Mo. filed Dec. 8, 2025); *Campbell v. Campagna, et al.*, No. 4:25-cv-1901-JMB (E.D. Mo. filed Dec. 16, 2025); *Campbell v. St. Charles Cnty. Jail*, No. 4:25-cv-1902-ACL (E.D. Mo. filed Dec. 29, 2025);

*Campbell v. Unknown,* No. 4:26-cv-24-JMD (E.D. Mo. filed Jan. 5, 2026); *Campbell v. St. Clair Cnty. Jail, et al.*, No. 4:26-cv-65-MTS (E.D. Mo. filed Jan. 15, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-89-MAL (E.D. Mo. filed Jan. 21, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-152-HEA (E.D. Mo. filed Feb. 2, 2026); *Campbell v. St. Charles Cnty., Mo.*, No. 4:26-cv-162-AGF (E.D. Mo. filed Feb. 2, 2026); *Campbell v. Madison Cnty. Jail*, No. 4:26-cv-165-RHH (E.D. Mo. filed Feb. 2, 2026); *Campbell v. Johnson,* No. 4:26-cv-203-NCC (E.D. Mo. filed Feb. 6, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-205-SRC (E.D. Mo. filed Feb. 9, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-241-ZMB (E.D. Mo. filed Feb. 17, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-278-ZMB (E.D. Mo. filed Feb. 23, 2026); *Campbell v. St. Charles Cnty.*, No. 4:26-cv-346-MAL (E.D. Mo. filed Mar. 9, 2026); *Campbell v. Johnson*, No. 4:26-cv-444-NCC (E.D. Mo. filed Mar. 26, 2026); *Campbell v. Johnson*, No. 4:26-cv-588-HEA (E.D. Mo. filed Apr. 20, 2026); *Campbell v. Johnson*, No. 4:26-cv-625-JSD (E.D. Mo. filed Apr. 27, 2026); *Campbell v. Johnson*, No. 4:26-cv-626-RHH (E.D. Mo. filed Apr. 27, 2026); *Campbell v. Johnson*, No. 4:26-cv-638-RHH (E.D. Mo. filed Apr. 28, 2026); *Campbell v. Johnson, et al.*, No. 4:26-cv-677-CMS (E.D. Mo. filed May 4, 2026); *Campbell v. Johnson, et al.*, No. 4:26-cv-703-NCC (E.D. Mo. filed May 7, 2026); *Campbell v. Johnson, et al.*, No. 4:26-cv-706-JMB (E.D. Mo. filed May 6, 2026); *Campbell v. St. Charles Cnty.*, No. 4:26-cv-707-NCC (E.D. Mo. filed May 6, 2026); *Campbell v. Wattelet, et al.*, No. 4:26-cv-719-JMB (E.D. Mo. filed May 8,

2026); *Campbell v. St. Charles Cnty.*, No. 4:26-cv-735-MTS (E.D. Mo. filed May 11, 2026); and *Campbell v. Byrnes, et al.*, 4:26-cv-746-MAL (E.D. Mo. filed May 13, 2026). Of these actions, four have already been dismissed on initial review for failure to state a claim upon which relief may be granted. *See Campbell v. St. Charles Cnty. Jail, et al.*, No. 4:26-cv-152-HEA (dismissed Feb. 18, 2026); *Campbell v. Madison Cnty. Jail, et al.*, No. 4:26-cv-165-RHH (dismissed Mar. 30, 2026); *Campbell v. St. Charles Cnty. Jail, et al.*, No. 4:25-cv-1902-ACL (dismissed May 5, 2026); and *Campbell v. St. Charles County Jail, et al.*, 4:26-cv-65-MTS (dismissed May 11, 2026).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against Defendants Judge Vince Johnson and St. Charles County. He sues Judge Johnson in his individual capacity, and sues St. Charles County in its official capacity.

He writes his complaint so "that you 'The Federal Government,' can be pre-notified of the ongoing corruption that is occurring here in St. Charles County and also in the Metro-East [Illinois] . . . I am currently going to explain one of these situations for now." Doc. 1 at 4. He states that he has been incarcerated in the St. Charles County Jail since October 30, 2025, initially on charges of harassment. He states Judge Vince Johnson put a hold on his release because of a "fraudulent out of state warrant" from Madison County, Illinois. *Id.* 4-5. He states Judge Vince Johnson scheduled a court date of May 6, 2026, which Plaintiff believes is unlawful

- 4 -

because it holds him "past the 90 days that the county can hold me for another municipality." *Id.* at 5. "I perceive this as a way to entrap me into custody again with the fraudulent Madison IL warrant if I appear in court." *Id.* "I am claiming pre-meditated entrapment by Vince Johnson." *Id.* at 6.

For his injuries, Plaintiff states he has suffered mental and physical stress, which requires medication. He seeks $300 million in damages and release from jail.

**Discussion**

**I.    Defendant Judge Vince Johnson**

Plaintiff cannot state a § 1983 claim against Defendant Judge Vince Johnson because he is protected by the doctrine of judicial immunity. Judicial immunity provides judges with immunity from suit, allowing them to exercise the authority with which they are vested, and to act upon their own convictions. *See Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cnty.*, 931 F.3d 753, 760 (8th Cir. 2019). Although there are two narrow exceptions to judicial immunity—an exception for non-judicial acts

- 5 -

and an exception for acts taken in complete absence of jurisdiction—Plaintiff has not pleaded any facts to suggest that either of these exceptions apply.  *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012).

Because Defendant Judge Vince Johnson is immune from suit, the Court will dismiss Plaintiff's claims against him for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B).

## II.    Defendant St. Charles County

As to Defendant St. Charles County, a county cannot be held liable under § 1983 unless it violated an official policy, unofficial custom, or was deliberately indifferent in its training or supervision of employees.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Kiefer v. Isanti Cnty., Minn.*, 71 F.4th 1149, 1153 (8th Cir. 2023).  Conclusory allegations will not support a claim of municipal liability—there must be factual allegations describing the specific policy or custom, or the specific training deficiency on which the claim is based.  *See Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

Because Plaintiff has not alleged St. Charles County violated any official policy, unofficial custom, or failed to train and supervise its employees, Plaintiff's claims against St. Charles County must be dismissed.  *See De La Garza v. Kandiyohi Cnty. Jail*, 18 Fed. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

For these reasons, Plaintiff has failed to state a claim upon which relief may be granted against either Defendant.  The Court dismisses this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs is **GRANTED**.  [ECF No. 3].

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.00 within 30 days of the date of this Order.  Plaintiff is instructed to  make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his  name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.  *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Judge Vince Johnson and St. Charles County are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 15th day of  May, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE